UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
JAIME PESANTEZ,

        Plaintiff,

        14 CV 4882 (SJ) (MDG)

   v.

        <u>MEMORANDUM
        AND ORDER</u>

THE BANK OF NEW YORK
MELLON,

        Defendant.
----------------------------------------------------X

A P P E A R A N C E S
CARTER & ASSOCIATE ATTORNEYS. PLLC
224 West 35th Street, Suite 512
New York, NY 10001
By:    Damond Carter
*Attorneys for Plaintiff*

STIENE & ASSOCIATES
187 East Main Street
Huntington, NY 11743
By:    Stephen J. Vargas
*Attorneys for Selene Finance LP*

**JOHNSON, Senior District Judge:**

      This case involves the April 25, 2014 foreclosure auction of the property located at 106-19 95th Street (the "Property") in Queens, New York. Plaintiff Jaime Pesantez alleges that when he went to Queens County Supreme Court to

1

represent himself, pro se, in his foreclosure action, he and defendant The Bank of New York Mellon ("Mellon") attended a settlement conference at which Mellon "falsely [told] and misrepresent[ed] to [him] that he had no foreclosure alternatives but to agree to a short-sale."  (Complaint ¶ 1.)  At the time, judgment by default had already been entered against Plaintiff.

Plaintiff claims that pursuant to the Federal Home Affordable Modification Program Tier 2 ("HAMP 2"), 12 U.S.C. §§ 5219, 5219a, Mellon was required to convert his mortgage, resulting in at least a 10% reduction in payments.  Plaintiff argues that the mortgage was predatory in that the adjustable rate could be anywhere from 7.650% to 13.650% and after 30 years, plaintiff was responsible for a "balloon payment" of $372,154.18.  The mortgage at issue was for $405,000.

Plaintiff filed the Complaint on August 15, 2014, alleging discrimination on the basis of race and nationality pursuant to 42 U.S.C. § 1981, as well as a breach of contract claim "for breach of the implied covenant of good faith and fair dealing as to the mortgage contract," and a fraud claim.

On August 28, 2014, Plaintiff filed a motion for a preliminary injunction, seeking to enjoin any short sale of the property (the "Motion").  An appearance was entered by Selene Finance, LP, the purported successor in interest to Mellon ("Selene" or "Defendant").  Rather than oppose the Motion, Selene filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  A conference date was set for October 23, 2014.  However, neither party appeared.  The case was

called again the following day, October 24, 2014. Defendant's motion was dismissed and Defendant was permitted additional time to oppose Plaintiff's Motion. Defendant's opposition papers were due on November 14, 2014, and Plaintiff's reply was due on November 21, 2014.

Defendant opposed the motion, but Plaintiff did not file a reply. Instead, counsel for Plaintiff wrote to the Court on January 21, 2015 requesting additional time because his research indicated that Selene is not Mellon's successor in interest. Counsel sought until February 20, 2015 to either amend the complaint to add diversity jurisdiction and/or reply to the opposition. On February 2, 2015, Plaintiff filed a letter seeking leave to file an Amended Complaint.

In the proposed Amended Complaint, he alleges that Mellon is the Trustee of the CSMC Trust 2011-3 (the "Trust"), which is owned by proposed defendant Credit Suisse First Boston Mortgage Securities Corp. ("Credit Suisse"). Plaintiff claims that his mortgage is one of many backing the Trust and that Defendant Selene and proposed defendants Credit Suisse and DLJ Mortgage Capital, Inc. ("DLJ") aided and abetted a breach of fiduciary duty committed by Mellon. Like the initial Complaint, the Amended Complaint asserts claims of breach of contract, breach of the implied covenant of good faith and fair dealing, fraud and misrepresentation against Mellon, but he has dropped his § 1981 claim and now asserts diversity jurisdiction. Claims have also been added against Credit Suisse, DLJ and Selene.

In short, the Amended Complaint gives to each of the proposed defendants a stake in the outcome of this action. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend be freely given, and so it will be given here.

Plaintiff is directed to file the Amended Complaint and to serve a copy of same upon all defendants. The motion for a preliminary injunction is denied with leave to renew if and when Plaintiff identifies which specific entities he wishes to enjoin from what specific action(s) within that entity's control. Any such motion must also be served upon all defendants unless the motion satisfies Federal Rule of Civil Procedure 65(b).

SO ORDERED.

Dated: March 18, 2015 _____/s_____
      Brooklyn, New York        Sterling Johnson, Jr., U.S.D.J.